```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CONNECTUS, LLC, d/b/a
EDEGREE ADVISOR

    Plaintiff,

v.	Case No. 8:15-cv-2778-T-33JSS

AMPUSH MEDIA, INC., and
DGS EDU, LLC,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendant DGS Edu, LLC's Motion to Dismiss or Transfer (Doc. # 36), filed on February 4, 2016. Plaintiff Connectus, LLC filed a response in opposition on February 18, 2016. (Doc. # 41). For the reasons stated herein, the Court denies the Motion.

**I.**    **Background**

Connectus operates "as an online marketplace" that seeks to match prospective students with "educational opportunities." (Doc. # 9 at ¶ 12). Connectus has developed a process for generating leads, i.e., prospective students, and sells those leads to either a university or an intermediary, such as Defendant Ampush Media, Inc. (Id. at ¶¶ 13-15). Connectus enters into contracts with each

intermediary; Connectus entered into such an agreement with Ampush. (Id. at ¶ 20). That agreement is entitled, Ampush Media Service Level Agreement. (Id.). DGS Edu subsequently acquired the education division of Ampush, including the Media Service Level Agreement. (Id. at ¶ 21).

The Media Service Level Agreement contains a choice-of-law and forum-selection clause. Specifically, the clause states:

> 6. GOVERNING LAW & ATTORNEYS' FEES
>
> The interpretation and construction of this Agreement and all matters relating hereto shall be governed by the laws of the State of California. The parties hereby submit to the jurisdiction of, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco County Branch and the Superior and Municipal Courts of the State of California.

(Doc. # 9-1 at 6, ¶ 6).

After receiving complaints from other intermediaries and universities that leads had already been contacted multiple times, Connectus undertook an investigation. (Doc. # 9 at ¶¶ 22-23). As alleged in the Amended Complaint, Connectus' investigation lead to its conclusion that Ampush and DGS Edu were misappropriating Connectus' data. (Id. at ¶¶ 26-32). Thereafter, Connectus brought suit against Ampush and DGS

Edu, alleging various causes of action sounding in both tort and contract. (Id. at 7-14).

Ampush filed its Answer on January 29, 2016, and DGS Edu filed the pending Motion to Dismiss or Transfer on February 4, 2016. (Doc. ## 30, 36). Connectus filed its response on February 18, 2016. (Doc. # 41). The Motion is ripe for this Court's review.

## II. Analysis

DGS Edu argues this case should either be dismissed or transferred because Connectus' filing of suit in the Middle District of Florida violated the forum-selection clause of the Media Service Level Agreement. (Doc. # 56 at 3, 5, 14). Connectus argues the forum-selection clause is permissive, not mandatory, in nature. (Doc. # 41 at 3-7). Connectus further argues DGS Edu failed to meet its burden under 28 U.S.C. § 1404. (Id. at 7-11).

The construction of a forum-selection clause is a matter of federal common law. P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29 (1988)). Ordinary contract principles apply when interpreting a forum-selection clause. Snapper, Inc. v. Redan, 171 F.3d 1249, 1261 (11th Cir. 1999). A forum-selection clause is either mandatory or permissive.

Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004). As explained by the Court in Cornett v. Carrithers:

> A mandatory clause prescribes a specific forum in which litigation regarding the contracted-to subject matter must be brought; a permissive clause, by contrast, identifies a forum in which such litigation permissibly may be brought, but on a non-exclusive basis. One hallmark of a mandatory clause is the use of the imperative term "shall," which prescribes a "requirement."

465 Fed. Appx. 841, 843 (11th Cir. 2012) (internal citations omitted).

District courts have applied this distinction between mandatory and permissive forum-selection clauses based on the clause's language. See, e.g., MoistTech Corp. v. Sensortech Sys., Inc., No. 8:15-cv-434-EAK-TBM, 2015 WL 3952341, at *5-6 (M.D. Fla. June 26, 2015) (finding forum-selection clause that stated, "any legal action or proceeding shall only be brought in the . . . courts of the State of California" to be a mandatory clause); Hollywood Collectibles Grp., LLC v. Master Cutlery, Inc., No. 6:14-cv-176-Orl-31KRS, 2014 WL 2155214, at *4 (M.D. Fla. May 22, 2014) (finding forum-selection clause that stated, "the parties hereto submit and consent to the jurisdiction of the courts of the State of California . . . in any action brought to enforce . . . this

4

contract" to be permissive); Land-Cellular Corp. v. Zokaites, No. 05-23168-CIV, 2006 WL 3039964, *5-6 (S.D. Fla. Sept. 26, 2006) (finding language that parties "waive[d] any and all objections to jurisdiction or venue" did not make forum-selection clause mandatory).

The clause at issue here states:

> [t]he interpretation and construction of this Agreement and all matters relating hereto shall be governed by the laws of the State of California. The parties hereby submit to the jurisdiction of, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco County Branch and the Superior and Municipal Courts of the State of California.

(Doc. # 9-1 at 6, ¶ 6). Noticeably, the clause uses the word "shall" when addressing choice of law, but it does not do so with respect to forum. To be sure, the portion of the clause addressing forum does not express an intention on the part of the parties to limit themselves to the exclusive jurisdiction of the courts named therein. Rather, the clause merely shows that the parties consented to the jurisdiction of certain enumerated courts as possible forums. As such, the Court finds the forum-selection clause contained in the Media Service Level Agreement to be permissive.

Furthermore, DGS Edu alternatively requests this Court transfer the action pursuant to 28 U.S.C. § 1404(a). (Doc. #

5

36 at 14). Courts consider several factors in determining whether transfer is appropriate under Section 1404(a); namely:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

To begin with, DGS Edu's argument that the Court cannot consider any private-interest factors and that Connectus bears the burden of demonstrating the public-interest factors overwhelmingly disfavor transfer are unpersuasive. DGS Edu's position rests on Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas, 134 S.Ct. 568 (2013); however, DGS Edu's reliance is misplaced. Atlantic Marine Construction dealt with a mandatory forum-selection clause. Id. at 575 (noting the clause at issue

6

"stated that all disputes between the parties shall be litigated in the Circuit Court for the City of Norfolk . . . or in the United States District Court for the Eastern District of Virginia, Norfolk Division") (internal quotation marks omitted).

In contrast, the forum-selection clause at issue here is permissive and, thus, Connectus did not act in violation of the clause. Accordingly, the burden remains with DGS Edu as the moving party. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *23 (M.D. Fla. Mar. 27, 2014) (stating, "[w]hen a forum-selection clause is permissive rather than mandatory, the Court considers it only as one of several factors weighing in favor or against transfer and the burden remains on . . . the moving party to establish that [the transferee court] is a more convenient forum than this Court").

Having taken repose in its argument under Atlantic Marine Construction, 134 S.Ct. 568, DGS Edu does not directly address any of the private-interest factors. (Doc. # 36 at 14-15). After considering the parties' arguments and affidavits in support thereof, as well as the factors listed in Manuel, 430 F.3d at 1135 n.1, the Court determines that

7

Connectus' choice of forum should not be disturbed. Although not alone dispositive, the Court notes three factors in particular.

First, DGS Edu does not identify any particular witness that would be inconvenienced by litigating this matter in the Middle District of Florida. Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010) (noting "a party should specify the key witnesses to be called and their expected testimony when considering the convenience of the witnesses") (citing Oller v. Ford Motor Co., Nos. 92-523-CIV-T-17A, 92-555-CIV-T-15C, 1994 WL 143017, at *3 (M.D. Fla. Mar. 30, 1994)). Second, although the servers that house the relevant data to this dispute are located in San Jose, California (Doc. # 36-1 at ¶ 18), "the significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production." Trinity Christian Ctr. of Santa Ana, 761 F. Supp. 2d at 1327 (citing Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1364 (S.D. Fla. 2001)). And, third, although California law may apply to some or all of the causes of action in this case, this Court is more than capable of applying California law. See Anthony Sterling, M.D. v.

8

Provident Life & Accident Ins. Co., 519 F. Supp. 2d 1195, 1208 (M.D. Fla. 2007) (stating, "this Court is competent to apply foreign law, and does so").

In sum, the forum-selection clause at issue is permissive in nature. Therefore, the burden remained with DGS Edu, as the moving party, to demonstrate why this Court should transfer the action and disrupt Connectus' choice of forum. After a review of the parties' respective submissions, the Court determines that neither dismissal nor transfer is appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant DGS Edu, LLC's Motion to Dismiss or Transfer (Doc. # 36) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

9