# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CONNECTUS LLC<br>d/b/a EDEGREE ADVISOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMPUSH MEDIA, INC., and<br>DGS EDU, LLC,<br><br>　　　　　Defendants. | Case No. 8:15-cv-02778-VMC-JSS |

## EMERGENCY MOTION FOR CLARIFICATION
## REGARDING NUMBER OF DEPOSITIONS

Connectus LLC d/b/a eDegree Advisor ("Connectus") hereby requests that the Court clarify whether expert depositions are counted towards the ten-deposition limit provided in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure. Connectus was prepared to submit this motion on the ordinary briefing schedule but is submitting it as an emergency motion based on defense counsel's request – a request which Connectus understands to be aimed at avoiding the need to defer several depositions which Plaintiff has scheduled for the end of this week.

Alternatively, to the extent the Court feels it unnecessary to decide the meaning of Rule 30(a)(2)(A)'s ten-deposition limit, Connectus requests that the Court grant leave under Rule 30(a)(2) to depose any experts in this case.

In support of its motion, Connectus submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.     **INTRODUCTION**

Under the Federal Rules of Civil Procedure, a party is entitled to ten fact depositions without leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A). This Court's Case Management and Scheduling Order cites this Rule and echoes its limit. *See* ECF No. 40 at 3. Defendants have come up with a novel reading of these provisions: They take the position that depositions of an opposing party's *experts* should also be counted towards the ten-deposition limit, despite the obvious problem that there is no way to know how many expert depositions will be necessary until expert reports are served. Not only does Defendants' interpretation result in an unworkable situation in which the parties must budget for an unknown number of expert depositions, it cannot be squared with the text of the Rules themselves. Unsurprisingly, in those rare cases where the parties have not simply stipulated to allowing expert depositions, courts have rejected Defendants' construction of the Rules.

As of the filing of this motion, Connectus has deposed two fact witnesses, but will be taking the remainder of its allotted depositions over the next few weeks, including four this coming week. *See* Declaration of Clement S. Roberts ("Roberts Decl.") ¶ 7. Connectus initially asked Defendants' counsel for their position on whether expert depositions are included within the presumptive ten-deposition limit on October 12, 2016. Defendants initially indicated that they did count them within the ten-deposition limit. After a meet and confer conducted last week, Mike Sullivan, who was at that time counsel for both defendants indicated that he was open to Connectus' interpretation. As Mr. Sullivan recalls that conversation, he said "I don't have an issue with it or I don't think I will have any issue with it, but I needed to preserve my rights since A[mpush] was hiring new counsel." Roberts Decl. ¶ 3, Ex. A. However, on Sunday evening Mr. Sullivan wrote to inform undersigned counsel that Defendants would not agree to

1

count expert depositions separately from the ten deposition rule. *See* Roberts Decl. ¶ 4, Ex. B.

This morning, undersigned counsel wrote to Defendants' counsel, told them that two depositions scheduled for the end of this week would need to be postponed until the Court clarified the issue, and promised to file a motion later today. Roberts Decl. ¶ 5, Ex.C. Defense counsel asked for the motion to be filed on an emergency basis so that, if the Court is able to address it promptly, the depositions currently scheduled for the end of this week can be preserved and the costs associated with rescheduling them avoided. *Id*. ¶ 6, Ex. D.[1] Plaintiff agreed to file the motion on an expedited basis and submits that good cause exists for the independent reason that expert reports will be due prior to the date the motion otherwise would be heard, and because it is important for the Plaintiff to know how many fact depositions it may take prior to that due date.

## II.   DISCUSSION

### A.   Expert depositions are not included in Rule 30(a)(2)(A)'s ten-deposition limit

Both the text of the Federal Rules of Civil Procedure and common sense lead to the conclusion that expert depositions are not counted to Rule 30's deposition limit. Unsurprisingly, the courts that have addressed the issue have rejected the reading of the Rules that Defendants propose.

*First*, Rule 30's ten-deposition limit expressly applies only to depositions taken under Rules 30 and 31 – not to expert depositions, which are taken under Rule 26. Rule 30 provides:

> *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

---

[1] Defense counsel also requested that Plaintiff address this issue with a call to the Court. However, (a) it is not clear to undersigned counsel that the local rules permit such an issue to be addressed in a call and (b) Plaintiff believes it may be helpful for the Court to have the citations contained herein.

>> (A) if the parties have not stipulated to the deposition and:
>
>> (i) the deposition would result in more than 10 depositions being taken *under this rule or Rule 31* by the plaintiffs, or by the defendants, or by the third-party defendants

Fed. R. Civ. P. 30(a)(2) (emphasis added).  Expert depositions, on the other hand, are provided for in an entirely separate rule:  Rule 26, which states that "[a] party *may depose* any person who has been identified as an expert whose opinions may be presented at trial."  Rule 26(b)(4)(A) (emphasis added); *see also* Middle District of Florida Civil Discovery Handbook § II.E.2, at p. 11, https://www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf (last visited October 24, 2016) (including identical language).  Rule 26 does not reference Rule 30 or incorporate in any way its ten-deposition limit.

It follows that expert depositions under Rule 26 do not count for purposes of the ten-deposition limit.  Unsurprisingly, that is what courts confronted with the issue have decided. *Rayco Mfg., Inc. v. Deutz Corp.*, No. 5:08 CV 00074, 2010 WL 183866, at * 3 (N.D. Ohio Jan.14, 2010) ("Expert witness depositions do not count towards the ten per-side deposition limit of Rule 30(a)(2)(A)(i) ..."); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. CIV 08CV335 IEG NLS, 2009 WL 861733, at *2 n.4 (S.D. Cal. Mar. 25, 2009) ("The ten deposition limit in Rule 30(a) (2)(A)(i), however, is directed to depositions taken under Rule 30 and 31; not depositions of experts taken under Rule 26(b)(4)."); *see also Royal Bahamian Ass'n v. QBE Ins. Corp.*, No. 10-21511-CIV 2010 WL 3003914, at *1-2 (S.D. Fla. Jul. 29, 2010) (noting that "the few courts which have addressed the issue have followed the *Rayco* view").

*Second*, the rule that Defendants propose – that expert depositions *do* count towards the presumptive ten-deposition limit – would be unworkable.  The parties generally have no way of knowing how many experts the other side will retain until expert disclosures, so Defendants' proposed rule would force parties to either save an unknown number of slots to ensure that they

have a chance to depose each of the other side's experts. In this case, for example, DGS EDU, LLC, has said that it will use either two or three experts and Ampush Media, LLC, has given no indication of how many experts it plans to retain. *See* Roberts Decl. ¶ 11. Thus Defendants' interpretation would require Plaintiff to budget for an unknown number of expert depositions, and (if both defendants use three experts) leave it with only four fact depositions in a case with two defendants. Alternatively, parties would be forced to forego deposing experts, contrary to standard practice in modern litigation. *See* Fed. R. Civ. P. 26, advisory committee's notes to 1993 amendments ("paragraph (4)(A) is revised to provide that experts who are expected to be witnesses will be subject to deposition prior to trial, conforming the norm stated in the rule to the actual practice followed in most courts, in which depositions of experts have become standard").

Indeed, the reason why there are not more cases on this issue is likely because it is common for the parties to *agree* that expert depositions are not included within the ten-deposition limit, as Rule 30(a)(2)(A) expressly permits. *See Loops LLC v. Phoenix Trading, Inc.*, C08-1064 RSM, 2010 WL 786030, at *2 n.1 (W.D. Wash. Mar. 4, 2010) ("Defendants have also indicated that it is their understanding that expert depositions are not included in the ten limit. Thus they do not object to Plaintiffs taking the deposition of Defendants' expert on the grounds that it would exceed ten."); *In re DaimlerChrysler AG Secs. Litig.*, 216 F.R.D. 395, 405 n.18 (E.D. Mich. 2003). For whatever reason, Defendants have refused to agree to resolve this issue without the Court's intervention, necessitating this motion.

Connectus therefore requests that this Court hold that expert depositions do not count towards Rule 30(a)(2)(A)'s ten-deposition limit.

### B. Alternatively, this Court should grant leave to take expert depositions

The Court may also find it unnecessary to reach the issue of whether Rule 30's presumptive ten-deposition limit includes expert depositions, since it can simply grant leave to

take expert depositions in excess of any limit established by Rule 30. A number of courts, including at least one in this District, have done precisely this. *See In re Engle Cases*, No. 3:09-cv-10000-RGY-JBT, ECF No. 283 (M.D. Fla. Sept. 21, 2011) (stating that "[t]he Court need not decide at this time whether the depositions of disclosed trial expert witnesses are excluded from [the] presumptive limit" of ten depositions because leave to depose the experts was appropriate regardless of the limit); *Royal Bahamian Ass'n*, 2010 WL 3003914, at *1 (holding that it was unnecessary to decide the meaning of Rule 30's ten-deposition limit "because the Court satisfied it can appropriately exercise its discretion to allow [defendant] to take the additional requested depositions"); *Eller v. Colvin*, No. CV414-202, 2015 WL 3407884, at *1 n.1 (S.D. Ga. May 27, 2015); *C & C Jewelry Mfg., Inc. v. West*, No. C09-01303 JF (HRL), 2011 WL 767839, at *1 (N.D. Cal. Feb. 28, 2011) (excluding expert depositions from Rule 30's presumptive limit); *Andamiro U.S.A. v. Konami Amusement of Am., Inc.*, No. CV00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001) ("Assuming, *arguendo*, that experts are included in Rule 30's broad application to 'any person,' the court's Rule 26(b)(2) analysis leads to the conclusion that it should grant leave for plaintiff to take the four expert depositions."); *Express One Int'l, Inc. v. Sochata*, No. 3-97 CV 3121-M, 2001 WL 363073, at *3 (N.D. Tex. Mar. 2, 2001) (granting the party's motion for leave to take additional depositions of designated expert witnesses who were not fact witnesses, and finding, "[t]he Rule 26(b)(2) analysis for deposing [experts who are not also fact witnesses] leads to the conclusion that leave to take such depositions should be granted.").

A motion to exceed Rule 30's presumptive ten-deposition limit is evaluated based on the principles set forth in Rule 26(b)(2)(C). *See United States v. Gachette*, No. 6:14-cv-1539, 2015 WL 524369, at *1 (M.D. Fla. Feb. 9, 2015). That rule provides:

5

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). For the reasons given by the Court in *Engle* and the other cases cited above, these factors strongly weigh in favor of allowing the expert depositions in this case.

First, the expert depositions are not at all cumulative or duplicative of the fact depositions, much less unreasonably so. The experts are, of course, the only source for the expert opinions that Defendants plan to offer at trial.

Second, the fact depositions that Connectus has already noticed are not duplicative. Connectus' currently-noticed fact depositions are as follows:[2]

| Deponent | Description |
|---|---|
| Higher Ed Growth | Third party deposition to show industry custom and practice (including which information is understood to be confidential within the industry) |
| Jesse Pujji | CEO of Defendant Ampush Media, Inc. |
| William Placke | Former Executive Vice President and General Counsel at DGS, Inc. |
| Nick Shah | Co-founder and COO of Defendant Ampush Media, Inc. |
| Samit Sheth | Director of Product & Optimization at Defendant Ampush Media, Inc. |
| Michael Darwal | Chief Marketing Officer at DGS, Inc., Executive Director of DGS Edu, LLC, and former Vice President at Ampush Media, LLC – signatory to most discovery responses |
| Ampush Media, LLC | Corporate deposition under Rule 30(b)(6) |
| DGS Edu, LLC | Corporate deposition under Rule 30(b)(6) |

---

[2] Although Connectus has currently noticed eleven depositions, it plans to drop one to comply with the ten-deposition limit.

| | |
|---|---|
| ClickSpark, LLC | Third party deposition to show industry custom and practice (including which information is understood to be confidential within the industry) |
| Red Ventures LLP | Major funder of Defendant Ampush Media, LLC, which received due diligence materials. |
| DGS, Inc. | Parent and sole member of Defendant DGS EDU, LLC which appears to have received revenue from the leads Defendants wrongfully misappropriated from Plaintiff |

Roberts Decl. ¶¶ 7-10.

Third, Connectus has had no other means of getting access to Defendants' expert opinions apart from the planned depositions. Defendant DGS EDU, LLC, has said that it will likely retain two or three experts, while Ampush has made no disclosure about how many experts it will use. *See* Roberts Decl. ¶¶ 11. The benefit of deposing these experts (who will play a major role at trial) outweighs the burdens imposed by taking those depositions. As a result, the Court should grant leave to depose the experts if it does not wish to address the question of whether Rule 30's deposition limit includes experts.

### III. CONCLUSION

For the reasons above, Connectus respectfully requests that the Court clarify that expert depositions do not count towards Rule 30(a)(2)(A)'s presumptive ten-deposition limit. Alternatively, the Court should grant leave to take expert depositions regardless of any limit imposed by Rule 30(a)(2)(A).

7

Dated:  October 24, 2016                    DURIE TANGRI LLP


                                    By:   */s/ Clement Roberts*
                                          Clement Roberts (*Pro Hac Vice*)
                                          Johanna Calabria (*Pro Hac Vice*)
                                          Raghav Krishnapriyan (*Pro Hac Vice*)
                                          217 Leidesdorff Street
                                          San Francisco, CA  94111
                                          (415) 362-6666 Telephone
                                           (415) 236-6300 Facsimile
                                          croberts@durietangri.com
                                          jcalabria@durietangri.com
                                          rkrishnapriyan@durietangri.com

                                          Thomas G. Long (Florida Bar No. 367321)
                                          Amy E. Stoll (Florida Bar No. 150959)
                                          BARNETT, BOLT, KIRKWOOD, LONG
                                          & KOCHE
                                          601 Bayshore Boulevard, Suite 700
                                          Tampa, FL 33606
                                          (813) 253-2020 Telephone
                                          (813) 251-6711 Facsimile
                                          tlong@barnettbolt.com
                                          astoll@barnettbolt.com
                                          *Secondary email:*
                                          kturley@barnettbolt.com
                                          cgrant@barnettbolt.com

                                          *Attorneys for Plaintiff*
                                          *CONNECTUS LLC d/b/a EDEGREE ADVISOR*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned counsel hereby certifies that, pursuant to Local Rule 3.01(g), he discussed the foregoing motion telephonically with counsel for Defendants Ampush and DGS on October 23, 2016, in a good faith effort to resolve this motion. The parties were unable to resolve the issues in this motion.

Dated: October 24, 2016

DURIE TANGRI LLP

By: */s/ Clement Roberts*
Clement Roberts (*Pro Hac Vice*)
Johanna Calabria (*Pro Hac Vice*)
Raghav Krishnapriyan (*Pro Hac Vice*)
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666 Telephone
(415) 236-6300 Facsimile
croberts@durietangri.com
jcalabria@durietangri.com
rkrishnapriyan@durietangri.com

Thomas G. Long (Florida Bar No. 367321)
Amy E. Stoll (Florida Bar No. 150959)
BARNETT, BOLT, KIRKWOOD, LONG
& KOCHE
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
(813) 253-2020 Telephone
(813) 251-6711 Facsimile
tlong@barnettbolt.com
astoll@barnettbolt.com
*Secondary email:*
kturley@barnettbolt.com
cgrant@barnettbolt.com

*Attorneys for Plaintiff*
*CONNECTUS LLC d/b/a EDEGREE ADVISOR*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via CM-ECF notification this October 24, 2016 to:

| | |
|---|---|
| Michael J. Sullivan<br>Amy D. Barry<br>Ashcroft Law Firm, LLC<br>200 State Street, 7th Floor<br>Boston, MA  02109<br>abarry@ashcroftlawfirm.com<br>msullivan@ashcroftlawfirm.com<br>MReilly@ashcroftlawfirm.com<br><br>*Attorneys for Defendants*<br>*AMPUSH MEDIA, INC., and*<br>*DGS EDU, LLC* | William F. Jung<br>Jung & Sisco, PA<br>101 E Kennedy Blvd, Suite 3920<br>Tampa, FL 33602<br>wjung@jungandsisco.com<br><br>*Attorneys for Defendants*<br>*AMPUSH MEDIA, INC., and*<br>*DGS EDU, LLC* |

Fritz J. Scheller
Fritz Scheller, PL
Suite 1150
200 E Robinson St
Orlando, FL 32801
407/792-1285
Fax: 407/513-4146
Email: fscheller@flusalaw.com

*Attorneys for Defendant*
*AMPUSH MEDIA, INC.*

                                                        */s/ Clement Robert*
                                                        Clement Roberts