UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNECTUS LLC,

       Plaintiff,

v.                                  Case No. 8:15-cv-2778-T-33JSS

AMPUSH MEDIA, INC., and
DGS EDU, LLC,

       Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Connectus LLC's Motion to Voluntarily Dismiss Counts I, V, and VI Without Prejudice, filed on October 7, 2016. (Doc. # 71). On October 21, 2016, Defendants, Ampush Media, Inc. and DGS Edu, LLC, filed a response in partial opposition to the Motion. (Doc. # 79). For the reasons that follow, the Court grants the Motion and dismisses Counts I, V, and VI without prejudice.

**I. Background**

Given that the Court has thoroughly traced the facts of this case before (Doc. # 45), a lengthy discussion of the facts is not warranted and the Court provides only a brief overview of the action.

On December 11, 2015, Connectus filed an Amended Complaint asserting nine different claims against Ampush and DGS: Count I (civil theft), Count II (conversion), Count III (misappropriation of trade secrets), Count IV (unfair competition), Count V (violation of the Florida Deceptive and Unfair Trade Practices Act), Count VI (violation of the Federal Wiretap Act), Count VII (unjust enrichment), Count VIII (breach of contract), and Count IX (injunctive relief). (Doc. # 9). Ampush filed its Answer on January 29, 2016, Ampush and DGS filed a Motion to Dismiss or Transfer on February 4, 2016, arguing Connectus' filing of suit in the Middle District of Florida violated the forum-selection clause of the Media Service Level Agreement. (Doc. ## 30, 36). Connectus filed its response on February 18, 2016. (Doc. # 41). The Court denied the Motion to Dismiss on February 26, 2016. (Doc # 45).

Connectus now seeks to voluntarily dismiss three of the counts asserted in its Amended Complaint without prejudice: Count I (civil theft), Count V (violation of the Florida Deceptive and Unfair Trade Practices Act), and Count VI (violation of the Federal Wiretap Act). (Doc. # 71 at 1). Defendants have filed a response in partial opposition to the Motion, consenting to the dismissal of the claims but

2

requesting the Court grant the dismissal with prejudice. (Doc. # 79 at 1). The Motion is ripe for the Court's consideration.

## II. Legal Standard

Fed. R. Civ. P. 41 "allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). For that reason, the proper way for a plaintiff to eliminate particular claims from an action should be to amend the complaint under Rule 15 rather than dismiss under Rule 41. Id.; State Treasurer of State of Mich. v. Barry, 168 F.3d 8, 15 (11th Cir. 1999) ("'Rule 41 is not meant for the use the parties in this case and others like it have put it: the rule speaks of voluntary dismissal of "an action," not a claim.'").

Therefore, a court should construe a motion for voluntary dismissal as a request for leave to amend the complaint pursuant to Rule 15(a)(2) when it has the limited purpose of withdrawing some, but not all, of a plaintiff's claims against a defendant. Armington v. Dolgencorp, Inc., No. 3:07-CV-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009). Under Rule 15, "a party may amend its pleading

3

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"While 'The Court should freely give leave when justice so requires,' a motion to amend filed after the deadline established by the Case Management and Scheduling Order, as in this case, will only be granted upon a showing of good cause under Rule 16(b)(4)." Hess v. Coca-Cola Refreshments USA, Inc., No. 8:13-CV-3136-T-33EAJ, 2014 WL 5080258, at *2 (M.D. Fla. Sept. 29, 2014)(citation omitted).

## III. **Analysis**

Here, Connectus' Motion is untimely under the Court's Case Management and Scheduling Order because the deadline for filing motions to add parties or to amend pleadings was April 8, 2016. (Doc. # 40 at 1). As a result, the good cause standard pursuant to Rule 16(b)(4), must be met before the Court can apply the more liberal Rule 15 standard.

### A. **Rule 16(b)(4) "Good Cause"**

"[A] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Voter Verified, Inc. v. Premier Election Sols., Inc., No. 6:09-cv-1968-Orl-19-KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010) (quoting

4

Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape
Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)). According
to Rule 16(b)(4), "A schedule may be modified only for good
cause and with the judge's consent." To show good cause, a
party must establish that, despite his diligence, the
deadline could not be met. Sosa v. Airport Sys., Inc., 133
F.3d 1417, 1419 (11th Cir. 1998) (citation omitted).

By its Motion, Connectus requests the Court dismiss
Counts I, V, and VI of the Amended Complaint without
prejudice. (Doc. # 71 at 1). While Connectus has not
specifically addressed good cause under Rule 16(b) in its
Motion, it does assert it is requesting to voluntarily dismiss
the three claims in order to narrow the focus of the case and
conserve the resources of the Court and parties. (Id. at 4).

As indicated in their response, Ampush and DGS do not
oppose the Motion. (Doc. # 79 at 1). However, they request
the Court dismiss any individual claims from the Amended
Complaint with prejudice. (Id. at 1-2). Ampush and DGS contend
that, at this stage of discovery, they would be unduly
impacted by the removal of Counts I, V, and VI without
prejudice because extensive discovery has already taken place
and they have encountered substantial costs in defending the
entire scope of the Amended Complaint. (Doc. # 79 at 6).

Ampush and DGS also state that permitting the withdraw of claims without prejudice would expose them to a later suit on the same issues. (Id.)

This Court finds Connectus' Motion occurred within as reasonable time because a motion for summary judgment is not pending, and the discovery and dispositive motion deadlines were approximately two months out at the time the Motion was filed.

> A plaintiff who, after engaging in discovery, concludes in good faith that her claim lacks merit should be encouraged to seek leave to amend her pleading and eliminate that claim. That scenario would provide good cause under Rules 15 and 16 to modify a court's scheduling order and amend the complaint.

Feise v. N. Broward Hosp. Dist., No. 14-CIV-61556-Bloom/Valle, 2015 WL 4638606, at *2 (S.D. Fla. Aug. 4, 2015). Therefore, Connectus' efforts to conserve resources and limit the scope of the case constitutes good cause. Accordingly, the Court finds good cause to allow leave to amend.

**B. Rule 15(b) Leave to Amend**

Once good cause has been shown, the court may contemplate whether leave should be granted under Rule 15.

> Where a plaintiff seeks leave of the court to amend his pleadings, pursuant to Fed. R. Civ. P. 15(a), this court has held that absent prejudice to the defendant, bad faith or undue delay on the part of

> the plaintiff, it is an abuse of the court's
> discretion to deny leave to amend.

Warner v. Alexander Grant & Co., 828 F.2d 1528, 1531 (11th Cir. 1987); see also Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981)("[M]ere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial.").

The record currently before the Court does not establish that Connectus unduly delayed bringing the instant Motion. Additionally, Ampush and DGS have failed to establish that there was any bad faith on the part of Connectus. To the contrary, Connectus is seeking voluntary dismissal to reduce the number of claims asserted for efficiency in litigation and consideration of judicial resources. (Doc. #71 at 2).

Furthermore, Ampush and DGS's argument that Connectus may obtain some tactical advantage over the Defendants in future litigation is not enough to make dismissal without prejudice inappropriate. Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (stating "'in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent

lawsuit, as a result'" (citation omitted)).[1] Therefore, amending the Complaint will not cause undue prejudice to Ampush and DGS, nor is there any indication of bad faith or undue delay on the part of Connectus. Accordingly, the Court finds there is no substantial reason to deny leave to amend.

Therefore, Connectus' Motion will be granted and Counts I, V, and VI will be dismissed without prejudice. Connectus shall file an amended complaint by November 14, 2016, and shall only remove Counts I, V, and VI.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Court **GRANTS** Connectus LLC's Motion to Voluntarily Dismiss Counts I, V, and VI (Doc. # 71). Counts I, V, VI are **DISMISSED WITHOUT PREJUDICE.**

(2) Connectus shall file, no later than November 14, 2016, a Second Amended Complaint omitting Counts I, V, and VI only.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of November, 2016.

---

[1] While Goodwin addressed dismissal of an action under Rule 41(a)(2), the Court finds the rational of Goodwin instructive in this case, where a party seeks to voluntarily dismiss some, but not all, of the claims asserted.