UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNECTUS LLC,

       Plaintiff,

v.                          Case No. 8:15-cv-2778-T-33JSS

AMPUSH MEDIA, INC., et al.,

       Defendants.
_____/

## ORDER

     This matter comes before the Court upon consideration of Defendants Ampush Media, Inc.'s and DGS Edu, LLC's respective Motions to Seal (Doc. ## 153, 160, 162), filed on December 20, 2016, and December 22, 2016. Plaintiff Connectus LLC filed a response on December 27, 2016. (Doc. # 169). For the reasons below, the Motions are granted in part and denied in part.

## Discussion

     It is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune Co.

v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). But, this right is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245.

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" NXP B.V. v. BlackBerry Ltd., No. 6:12-cv-498-Orl-22TBS, 2014 WL 4059135, at *2 (M.D. Fla. Aug. 15, 2014) (citation omitted). "The parties' agreement to seal court documents 'is immaterial' to the public's right of access." Id. (quoting Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992)). "Moreover, . . . the court, as 'the primary representative of the public interest in the judicial process,' is duty-bound 'to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record.'" Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016) (citation omitted) (alteration in original).

After thoroughly reviewing the Motions, Connectus' response, and the voluminous documents submitted for *in*

2

*camera* review, the Court denies the Motions in part. The Court first addresses Ampush's Motions and then DGS Edu's Motion.

Ampush seeks to file two dozen exhibits, totaling well-over three thousand pages, under seal for an indefinite period of time merely to comply with the parties' confidentiality agreement, but not because it thinks the documents should be sealed. (Doc. # 160 at ¶ 3) ("In order to comply with the Protective Agreement, Ampush is seeking to file the exhibits attached to [its] Motion for Summary Judgment under seal indefinitely, as one or more parties have designated said exhibits as being subject to the Protective Order, and not because Ampush agrees with those parties' designations."); (Doc. # 162 at ¶ 3) (same). That reason alone, however, is insufficient to override the public's right of access. NXP B.V., 2014 WL 4059135, at *2 (quoting Brown, 960 at 1016) ("The parties' agreement to seal court documents 'is immaterial' to the public's right of access."). It is also worth noting that Connectus, in its response, states that it "has no objection to some of these documents being filed entirely or partially in the public record," with two caveats (Doc. # 169 at 2), which the Court addresses last. As such, Ampush's Motions are denied.

3

For its part, DGS Edu, "[i]n order to comply with the Protective Agreement only, . . . seek[s] to file under seal deposition excerpts and deposition exhibits attached to its Motion for Summary Judgment which the Plaintiff has designated Confidential or AEO—not because DGS agrees with Plaintiff's designations." (Doc. # 153 at 2). Again, that reason is not sufficient to warrant sealing the documents, NXP B.V., 2014 WL 4059135, at *2 (quoting Brown, 960 at 1016), and Connectus does not object to the documents being filed on the public record, except for the aforementioned caveats. Therefore, DGS Edu's Motion is denied insofar as it seeks to file documents designated as confidential by Connectus under seal.

DGS Edu further "requests leave to file under seal depositions excerpts and deposition exhibits which were designated as 'Confidential' [to one degree or another] . . . by DGS and/or because they contain certain sensitive, confidential, and proprietary information, and/or relate to DGS's finances, product pricing, marketing, and sales." (Doc. # 153 at 2). After perusing the documents submitted by DGS Edu for *in camera* review, the Court is not convinced that sealing such documents is necessary, or that the public's right of access is outweighed by DGS Edu's interest in sealing

4

the documents. However, in an abundance of caution, the Court will permit DGS Edu an opportunity to clarify, with specificity, why its financial data, such as contracted-for prices per lead, needs to be sealed. DGS Edu's supplement, if it elects to file one, shall not exceed 10 pages and must be filed by January 9, 2017.

Turning to Connectus' response, Connectus states that it "seeks to maintain under seal only two narrow categories of information:" non-party consumers' personal information and sensitive financial information, such as negotiated prices per lead. (Doc. # 169 at 2). As to negotiated prices per lead and other financial information, while such information is indeed sensitive, it is also central to this case. To be sure, if the case is resolved in favor of Connectus and damages are awarded, the financial information of all parties will become relevant in calculating an appropriate damages award. But, as with DGS Edu, the Court will provide Connectus one final opportunity to explain, with specificity, in 10 pages or less by January 9, 2017, why its financial data, such as contracted-for prices per lead, needs to be sealed.

In addition, with respect to non-party consumer information contained on the lead sheets, the Court finds that, in light of the number of pages submitted, at this

5

juncture redaction is not an efficient means to secure the non-parties' interest in maintaining their privacy. Thus, the Court will permit the lead sheets to be filed under seal at this juncture, but where redaction of non-party consumer (i.e., prospective student) information, such as email addresses and phone numbers, is possible on any other document submitted in support of a pending motion, the proffering party must redact said information. The Court reserves the right to revisit this matter should the case proceed beyond the summary judgment stage.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendants Ampush Media, Inc.'s and DGS Edu, LLC's respective Motions to Seal (Doc. ## 153, 160, 162) are **DENIED** to the extent set forth above.

(2)   DGS Edu and Connectus may file a supplement explaining, with specificity, why their respective financial data, such as contracted-for prices per lead, needs to be sealed by January 9, 2017.

(3)   The Court will permit the lead sheets to be filed under seal at this juncture. Furthermore, where redaction of non-party consumer (i.e., prospective student) information, such as email addresses and phone numbers,

is possible on any other document submitted in support of a pending motion, the proffering party must redact said information. The Court reserves the right to revisit the matter.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE