UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNECTUS LLC,

      Plaintiff,

v.                           Case No. 8:15-cv-2778-T-33JSS

AMPUSH MEDIA, INC., et al.,

      Defendants.

_____/

## ORDER

This matter comes before the Court upon consideration of
two motions filed by Defendant Ampush Media, Inc. on May 22,
2017: its (1) Motion to Renew its Motion to Strike/Exclude
the Report, Opinions, and Testimony of Plaintiff's Designated
Expert Witness Douglas Kidder (Doc. # 239) and (2) Motion for
Clarification and Reconsideration of Discrete Issues from the
Court's Order on Ampush's Motion for Summary Judgment (Doc.
# 240). Plaintiff Connectus LLC filed responses in opposition
to both motions on June 5, 2017. (Doc. # 241; Doc. # 242).

For the reasons below, Ampush's motion to renew is
granted insofar as the Court considers Ampush's arguments to
exclude Kidder's testimony. Kidder may not testify as to Brita
D. Strandberg's opinions, but Kidder's testimony is otherwise
not excluded. Ampush's motion for reconsideration is denied.

## I.  **Background**

A detailed recitation of the facts is not needed. Suffice it to say, the Court denied Defendants' motion to exclude Kidder's testimony, but noted the Court would, if necessary, consider arguments for excluding Kidder's testimony at the appropriate time after summary judgment. (Doc. # 143; Doc. # 209). The Court also denied Ampush's motion for summary judgment. (Doc. # 216; Doc. # 233). Ampush, the sole remaining Defendant, now seeks to renew its arguments to exclude Kidder's testimony (Doc. # 239) and for reconsideration of the Court's order denying summary judgment (Doc. # 240).

## II. **Legal Standard**

### A.  **Expert Report and Testimony**

#### 1.  **Motion in Limine Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

> The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence

> which may irretrievably effect the fairness of the trial.  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.

Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

## 2. **Daubert Standard**

Federal Rule of Evidence 702 allows "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] . . . testify in the form of an opinion or otherwise," if certain criteria are satisfied; namely,

(a) the expert's scientific, technical, or other
specialized knowledge will help the trier of fact
to understand the evidence or to determine a fact
in issue;
(b) the testimony is based on sufficient facts or
data;
(c) the testimony is the product of reliable
principles and methods; and
(d) the expert has reliably applied the principles
and methods to the facts of the case.

Fed. R. Evid. 702. "Rule 702 compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert" testimony. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). "This function 'inherently require[s] the trial court to conduct an exacting analysis' of the *foundations* of expert opinions to ensure they meet the standards for admissibility under Rule 702." Id. (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002)) (emphasis in original).

"[I]n determining the admissibility of expert testimony under Rule 702, [a court] engage[s] in a rigorous three-part inquiry." Id. The district court must consider whether:

(1) the expert is qualified to testify competently
regarding the matters he intends to address; (2)
the methodology by which the expert reaches his
conclusions is sufficiently reliable as determined
by the sort of inquiry mandated in *Daubert*; and (3)
the testimony assists the trier of fact, through
the application of scientific, technical, or
specialized expertise, to understand the evidence
or to determine a fact in issue.

<u>City of Tuscaloosa v. Harcros Chems., Inc.</u>, 158 F.3d 548, 562 (11th Cir. 1998). "[A]lthough there is some overlap among the inquiries into an expert's qualifications, the reliability of his proffered opinion[,] and the helpfulness of that opinion, these are distinct concepts that courts and litigants must take care not to conflate." <u>Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1341 (11th Cir. 2003). "The proponent of expert testimony always bears 'the burden . . .'" of satisfying the Court's three-part inquiry, <u>Frazier</u>, 387 F.3d at 1260, by a preponderance of the evidence, <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999).

As to the qualification inquiry, an expert can be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702; <u>see</u> <u>also</u> <u>Frazier</u>, 387 F.3d at 1260 ("we observe that experts may be qualified in various ways"). But, "[i]f the [expert] witness is relying solely or primarily on experience, then," in establishing reliability, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." <u>Frazier</u>, 387 F.3d at 1261 (citation and internal quotation marks omitted). "Exactly *how* reliability is evaluated may vary from case to case, but what remains

constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." Id. at 1262 (citing Fed. R. Evid. 702 advisory committee's note (2000 amends.) ("The trial judge in *all* cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.")) (emphasis in original).

There are four recognized, yet non-exhaustive, considerations —

> (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community

— a district court may use in evaluating reliability. Seamon v. Remington Arms Co., LLC, 813 F.3d 983, 988 (11th Cir. 2016) (citations omitted). A district court can take other relevant factors into account as well. Id. (citations omitted). The Court's analysis as to reliability "focus[es] 'solely on principles and methodology, not on the conclusions that they generate.'" Id. (citation omitted).

Expert testimony must also assist the trier of fact. Fed. R. Evid. 702. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the

understanding of the average lay person." <u>Frazier</u>, 387 F.3d at 1262 (citation omitted). "[T]he court must 'ensure that the proposed expert testimony is "relevant to the task at hand," . . . i.e., that it logically advances a material aspect of the proposing party's case.'" <u>Allison</u>, 184 F.3d at 1312 (citation omitted). So, while "[t]he 'basic standard of relevance . . . is a liberal one,' <u>Daubert</u>, 509 U.S. at 587, . . .[,] if an expert opinion does not have a 'valid scientific connection to the pertinent inquiry[,]' it should be excluded because there is no 'fit.'" <u>Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.</u>, 582 F.3d 1227, 1232 (11th Cir. 2009) (citations omitted).

"Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." <u>Frazier</u>, 387 F.3d at 1262-63 (citation omitted). Similarly, pure questions of law are "not a matter subject to expert testimony." <u>Myers v. Bowman</u>, 713 F.3d 1319, 1328 (11th Cir. 2013).

**B.    Reconsideration**

"A '[r]ose is a rose is a rose is a rose.'" <u>Perez v. Wells Fargo N.A.</u>, 774 F.3d 1329, 1331 (11th Cir. 2014) (citation omitted and alteration in original); <u>see also</u> <u>Wright v. Preferred Research, Inc.</u>, 891 F.2d 886, 889 (11th

Cir. 1990) (stating that court looks at relief requested, rather than motion's label, when determining applicable rule). So, although Ampush's motion is titled "Motion for Clarification and Reconsideration," there is nothing in the motion suggesting Ampush found the Court's summary judgment order confusing, ambiguous, or otherwise unintelligible. Rather, the substance of Ampush's motion shows what Ampush really seeks is reconsideration.

When a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015); Murphree v. Colvin, No. CV-12-BE-1888-M, 2015 WL 631185, at *1 (N.D. Ala. Feb. 15, 2013). Because Ampush's motion for reconsideration was filed within 28 days of the Court's summary judgment Order, Rule 59 governs.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources." <u>United States v.</u>
<u>DeRochemont</u>, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2
(M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a
Rule 59(e) motion [cannot be used] to relitigate old matters,
raise argument or present evidence that could have been raised
prior to the entry of judgment." <u>Michael Linet, Inc. v. Vill.</u>
<u>of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005).

**III. Analysis**

    **A.  Motion to Renew and Kidder's Report**

Resolution of Ampush's pending motion to renew its
motion to exclude Kidder's testimony (Doc. # 209) involves
exacting attention to the timeline of this case, beginning
with the Second Amended Complaint, filed on November 11, 2016.
(Doc. # 106). The Second Amended Complaint brought six counts:
conversion (count I); misappropriation of trade secrets under
Florida law (count II); unfair competition (count III);
unjust enrichment (count IV); breach of contract (count V);
and injunctive relief (count VI). (<u>Id.</u>).

Eleven days later, DGS Edu and Ampush each filed a Rule
12(c) motion. (Doc. # 114; Doc. # 115). Then, on December 19,
2016, DGS Edu and Ampush filed their joint motion seeking to
exclude Kidder's testimony. (Doc. # 143). The three primary
reasons Defendants asserted in their motion to exclude

Kidder's testimony were (1) Connectus was attempting to use Kidder's report to silently amend its complaint; (2) Kidder's report was based on a theory that was not supported by either California or Florida law; and (3) Kidder's opinions should be excluded under Federal Rule of Evidence 702 and <u>Daubert</u>. (<u>Id.</u>). With respect to the second point, Defendants focused on the argument that Kidder's theories did not "satisf[y] the basic elements of an unjust enrichment claim." (<u>Id.</u> at 8).

While briefing on the Defendants' joint motion to exclude Kidder's testimony was still underway, the earlier-filed Rule 12(c) motions became ripe for disposition. The Court granted the Rule 12(c) motions on January 20, 2017. (Doc. # 188). In particular, the Court ruled that (1) California law governed in accordance with the parties' agreement; (2) the Florida trade-secrets claim was dismissed; (3) the common-law claims were dismissed; (4) the agreement's limitation-of-liability clause was enforceable with respect to the breach-of-contract claim; (5) injunctive relief was not a stand-alone cause of action; and (6) Connectus could replead its trade-secrets claim under California law. (<u>Id.</u>). The Court also provided Connectus until February 13, 2017, to file its Third Amended Complaint, denied the then-pending motions for summary judgment without prejudice, and directed

the parties to indicate whether they would be refiling the then-pending motion to exclude Kidder's testimony. (Id.).

Connectus filed its Third Amended Complaint on January 30, 2017. (Doc. # 200). The Third Amended Complaint brought two counts: a claim under CUTSA (count I) and breach of contract (count II). (Id.). Two days later, on February 1, 2017, Defendants filed a joint reply in support of their motion to exclude Kidder's testimony. (Doc. # 203).

In their reply vis-à-vis the motion to exclude Kidder's testimony, Defendants argued, for the first time, that the agreement's limitation-of-liability clause should apply to damages awarded under CUTSA. (Id. at 6). Because the Court does not consider arguments raised for the first time in a reply and the issue of whether the limitation-of-liability clause applied to the CUTSA claim remained outstanding, the Court determined ruling on the motion to exclude Kidder's testimony would be premature. (Doc. # 209 at 15-16, 31). The Court further indicated Defendants were free to raise the issue at summary judgment and, if it became necessary, the Court would hear arguments as to why Kidder's testimony should be excluded at the appropriate juncture. (Id. at 31-32).

On February 9, 2017, which was four days before the Court ruled on the motion as to Kidder, Defendants filed a joint

motion to strike or dismiss the Third Amended Complaint. (Doc. # 206). In that motion to dismiss, Defendants argued the CUTSA claim should be dismissed under the economic loss rule and the limitation-of-liability clause should apply to the CUTSA claim. (Id.). While briefing on the motion to dismiss was ongoing, Ampush filed its motion for summary judgment on March 3, 2017. (Doc. # 212). On March 28, 2017, the Court denied the motion to dismiss. (Doc. # 222).

While the Court ultimately denied Ampush's efforts to have the limitation-of-liability clause applied to the CUTSA claim, the issue of the clause's applicability was still an open question when Ampush filed its motion for summary judgment on March 3, 2017. Despite the Court's invitation to argue the applicability of the limitation-of-liability clause to the CUTSA claim at summary judgment, Ampush made no argument at summary judgment that damages awarded under CUTSA should be capped pursuant to the limitation-of-liability clause beyond a perfunctory sentence and incorporations by reference. (Doc. # 212 at 4, 11, 12 n.13). But, such terse, off-handed references do not sufficiently raise an argument. Dash 224 LLC v. Aerovias de Integracion Regional Aires SA, 605 Fed. Appx. 868, 870 (11th Cir. 2015) ("A party may abandon a claim by failing to 'plainly and prominently raise it . .

. .'"" (quoting <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739
F.3d 678, 681 (11th Cir. 2014))); <u>United States v. Jernigan</u>,
341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (concluding party
abandoned claim where brief contained only four passing
references to it, each of which was included under different
headings). Nor was it proper for Ampush to attempt to
incorporate earlier arguments by reference, (Doc. # 212 at
11, 12 n.13). <u>See Four Seasons Hotels & Resorts, B.V. v.
Consorcio Barr S.A.</u>, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004)
(explaining incorporation by reference "attempts to both
bypass the rules governing space limitations and transfer
[the] duty to make arguments to the judges of this panel. We
now take the opportunity to join the many other Circuits that
have rejected the practice . . ., and we hold that Consorcio
has waived the arguments it has not properly presented for
review.").

In sum, Ampush's motion to dismiss sought to have damages
under CUTSA capped by the agreement's limitation-of-liability
clause. The Court denied that motion to dismiss and Ampush
did not seek reconsideration. Additionally, Ampush failed to
adequately raise the issue of the limitation-of-liability
clause's applicability at summary judgment. Now that summary
judgment has been denied, Ampush moves to reassert its

arguments to exclude Kidder's testimony. The primary reasons Ampush asserts for why Kidder's testimony should be excluded are (1) Connectus was attempting to use Kidder's report to silently amend its complaint; (2) Kidder's report was based on a theory that was not supported by either California or Florida law; and (3) Kidder's opinions should be excluded under Federal Rule of Evidence 702 and Daubert. (Doc. # 143).

The arguments that Connectus attempted to silently amend its complaint and that Kidder's theories failed as a matter of law are substantive legal issues not properly raised by a motion in limine. LSQ Funding Grp., 879 F. Supp. 2d at 1337. Rather, the time for Ampush to have raised those issues was in its motion for summary judgment. Ampush failed to do so and it may not now use a motion in limine to address a topic it forgot to (or elected not to) address.

Moreover, Ampush's argument regarding Connectus's alleged attempt to silently amend its damages claim ignores the plain language of the Second and Third Amended Complaints, which allege "damage," not actual damages, for breach of contract. (Doc. # 106 at ¶ 64; 200 at ¶ 45). Ampush thus seeks to create a notice problem where none exists. In addition, Ampush's renewed argument that Kidder's theories of unjust enrichment fail as a matter of law under California and

Florida law is moot because the Court dismissed the stand-alone claim for unjust enrichment. (Doc. # 188).

By its third point, Ampush seeks to exclude Kidder's testimony under Federal Rule of Evidence 702 and _Daubert_. Specifically, Ampush argues Kidder's opinions are unreliable. (Doc. # 143 at 10-14). Ampush also argues certain testimony Kidder might give would not be helpful to the trier of fact. (Id. at 14-15).

When determining if a proffered expert's opinions are sufficiently reliable, the Court considers, among other factors, whether the expert's methodology is capable of being tested. Seamon, 813 F.3d at 988. It is evident from Ampush's own arguments that Kidder's methodology is more than capable of being tested. In fact, a cursory review of Kidder's report demonstrates his step-by-step analysis. (Doc. # 201-1). "The Eleventh Circuit has made clear that a _Daubert_ motion is not intended to supplement the adversary system." Se. Metals Mfg. Co., Inc. v. Fla. Metal Prods., Inc., 778 S. Supp. 2d 1341, 1344 (M.D. Fla. 2011) (citing Quiet Tech. DC-8, Inc., 326 F.3d at 1341, as "affirming the district court's ruling which allowed the defendant's expert's testimony where plaintiff alleged there were flaws in the methodology and reasoning"). While the Court recognizes Ampush disagrees with the accuracy

of Kidder's conclusions, vigorous cross-examination will provide Ampush sufficient opportunity to challenge his calculations. Id. (weaknesses in expert's testimony go towards weight, not admissibility).

With respect to whether Kidder's testimony would be helpful to the trier of fact, Ampush seeks to prevent Kidder from testifying on matters of industry custom, reputational harm, and reduction in lead quality. (Doc. # 143 at 14-15). Ampush further seeks to preclude Kidder from mentioning the conclusions of Brita D. Strandberg. (Id. at 15).

An expert may rely on inadmissible evidence to form the basis of his opinions. Fed. R. Evid. 703. Aside from that point of law, given the current briefing, the Court cannot determine at this juncture whether particular evidence Kidder may provide will be inadmissible. See In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted) ("denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context"). But, the Court will entertain specific objections to specific pieces of testimony at trial. Id. As for Kidder's mentioning of Strandberg's conclusions, the Court excluded Strandberg from testifying as an expert (Doc. # 209) and agrees Connectus should not be allowed to inset her opinions

16

back into this action via Kidder. Ampush's motion to renew is therefore granted to the extent that Kidder may not testify as to Strandberg's opinions or conclusions.

### B.    Reconsideration of Summary Judgment Order

As Connectus correctly notes, "Ampush's motion is not a motion for summary judgment, but rather a motion for reconsideration." (Doc. # 242 at 2 n.1). Indeed, the two motions are governed by different Rules and standards. Compare Fed. R. Civ. P. 56 (summary judgment), with Fed. R. Civ. P. 59(e) (motions for reconsideration filed within 28 days). Accordingly, Ampush's Local Rule 3.01(g) certification, which in effect says a Local Rule 3.01(g) certification is not needed because the motion for reconsideration is a motion for summary judgment (Doc. # 240 at 23), conflates two different types of motions and ignores the plain language of Local Rule 3.01(g). The motion for reconsideration thus fails to comply with Local Rule 3.01(g).

Motions — even motions for reconsideration — that do not comply with Local Rule 3.01(g) are subject to denial. See, e.g., Kreger v. Medicredit, Inc., No. 8:16-cv-1481-T-33JSS, 2016 WL 4370097, at *1 (M.D. Fla. Aug. 16, 2016); Quillet v. Jain, No. 6:12-cv-1283-Orl-28TBS, 2014 WL 12631463, at *1 (M.D. Fla. Mar. 20, 2014); Monster Energy Co. v. Consol.

Distribs., Inc., No. 6:11-cv-329-Orl-22DAB, 2013 WL 12155821, at *1 (M.D. Fla. Oct. 2, 2013); see also Hansen Beverage Co. v. Consol. Distribs., Inc., No. 6:11-cv-329-Orl-22DAB, 2011 WL 13141047, at *1 n.1 (M.D. Fla. Apr. 13, 2011). Ampush's motion for reconsideration is therefore denied. The motion for reconsideration is also denied on its merits.

## 1. Joint-and-Several Liability

In its motion for summary judgment, Ampush argued two reasons why joint-and-several liability should not be allowed. Namely,

> [f]irst, Connectus has not pleaded joint and several liability and only recently identified it as a theory of recovery in discovery responses. Second, such a position is contrary to California law given any alleged harm suffered by Connectus is divisible and therefore precludes a claim of joint and several liability. *See I-CA Enterprises, Inc. v. Palram Americas, Inc.*, 235 Cal. App. 4th 257, 271 (2015) ("The concept of joint and several liability is only applicable where the plaintiff's injury is 'indivisible.'"); *Brocade Communs. Sys. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1218 (N.D. Cal. 2012).

(Doc. # 212 at 23). Ampush now argues in its Rule 59(e) motion that the Court answered the question of whether joint-and-several liability was allowed when it should have answered whether such liability was appropriate under the facts. (Doc. # 240 at 4). This argument — that the Court failed to answer the question presented — does not persuade.

Ampush's second reason for why joint-and-several liability should be disallowed contained not a single factual citation. Rather, Ampush's second reason consisted of one conclusory sentence followed by two citations, only one of which contained a generalized parenthetical statement of law sans analysis. To now argue the Court failed to engage in a fact-specific analysis after having presented no facts in support of the original argument is unpersuasive.

Even if, assuming for the sake of argument, Ampush were correct, summary judgment in Ampush's favor still would not have been appropriate. A defendant bears the burden of "demonstrat[ing] that the [alleged] harm is divisible and if there is a reasonable basis for apportionment." <u>Newark Grp., Inc. v. Dopaco, Inc.</u>, No. 2:08-cv-2623-GEB-DAD, 2011 WL 4501034, at *8 (E.D. Cal. Sept. 27, 2011). Ampush's lone argument regarding divisibility, which was bereft of factual citations, amounted to nothing more than mere ipse dixit. Accordingly, Ampush failed to make a sufficient showing with respect to a matter for which it will bear the burden of proof. <u>Id.</u> at *9.

### 2.   Clear and Convincing Evidence

Ampush argues in its motion for reconsideration that Connectus did not proffer clear and convincing evidence of

willful and malicious misappropriation and therefore cannot seek exemplary damages or attorney's fees under CUTSA. (Doc. # 240 at 12-16). But Ampush failed to sufficiently raise this argument in its motion for summary judgment. And it is not proper to raise new arguments, which could have been raised before, in a motion for reconsideration. Michael Linet, Inc., 408 F.3d at 763.

While Ampush's motion for summary judgment and reply each contained a single footnote regarding the evidence necessary to obtain exemplary damages or attorney's fees under CUTSA and why the limitation-of-liability clause should apply, respectively, those footnotes were buried under subsections devoted to different issues. Those footnotes did not sufficiently raise Ampush's arguments. See Mock v. Bell Helicopter Textron, Inc., 373 Fed. Appx. 989, 992 (11th Cir. 2010) ("First, because [appellant] mentions its . . . argument in passing in a footnote only and does not elaborate on it in any further detail in either one of its briefs, we deem this argument waived."); Turner v. United Parcel Serv., No. 2:13-cv-823-WMA, 2014 WL 4458917, at *9 n.8 (N.D. Ala. Sept. 10, 2014) (deeming argument raised solely in a footnote on summary judgment waived); Ameritox, Ltd. v. Millennium Labs., Inc., No. 8:11-cv-775-T-24TBM, 2012 WL 12906572, at *2 n.6 (M.D.

Fla. Aug. 1, 2012) (declining to consider argument raised in a footnote of a summary judgment motion); <u>see also</u> <u>Dash 224 LLC</u>, 605 Fed. Appx. at 870 (quoting <u>Sapuppo</u>, 739 F.3d at 681); <u>Jernigan</u>, 341 F.3d at 1283 n.8.

Furthermore, Ampush's footnoted argument changed between its motion for summary judgment and its reply. <u>Compare</u> (Doc. # 212 at 23 n.19) ("Given Ampush's good-faith reliance on the SLA, industry norms, and Connectus' failure to notify Ampush of its alleged proprietary claim to the ancillary data, Connectus cannot establish 'willful and malicious misappropriation' to prevail on any claim for exemplary damages or to recover attorney's fees."), <u>with</u> (Doc. # 227 at 9 n.45) ("Additionally, because Connectus cannot demonstrate willful and malicious misappropriation, the Court should limit recovery per the parties' limitation-of-liability agreement."). The Court does not consider arguments raised for the first time on reply. <u>Herring v. Sec'y, Dep't of Corr.</u>, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'" (citations omitted)).

Putting the issue of abandonment aside, summary judgment still would not have been appropriate. Ampush's footnoted

argument in its motion for summary judgment contained not a
single citation to fact, which is problematic in its own
right. Rather, Ampush's argument that Connectus failed to
establish willful and malicious misappropriation was based
entirely on Ampush's primary argument that Ampush had relied
on the parties' agreement, industry norms, and a failure on
Connectus's part to notify Ampush of the proprietary nature
of the data at issue. (Doc. # 212 at 23 n.19). But, the Court
concluded the plain language of the parties' agreement did
not support Ampush's argument and there was a genuine issue
of material fact relating to industry norms. (Doc. # 223). A
conclusion not challenged here. As the undergirding for
Ampush's footnoted argument regarding the necessary quantum
of evidence fell away so too did the footnoted argument
itself.

### 3.  Damages

Ampush argued in its motion for summary judgment that
Connectus could not establish the damages element for breach
of contract because it had "no evidence of any actual
damages." (Doc. # 212 at 20). Now, in its motion for
reconsideration, Ampush argues two main points: first,
Connectus's evidence at summary judgment as to damages was
insufficient and, second, damages under a theory of unjust

enrichment are barred by the limitation-of-liability clause in the parties' agreement. (Doc. # 240 at 21-22). Ampush also argues, by way of footnote, unjust enrichment cannot be used under California law to satisfy the damages element for breach of contract.

To begin, a motion for reconsideration cannot be used to assert arguments that could have been, but were not, raised in the original motion. <u>Michael Linet, Inc.</u>, 408 F.3d at 763. Thus, the latter two points Ampush now raises in its motion for reconsideration are improper. <u>Id.</u>

Even if the Court were to look to the merits, summary judgment still would not have been appropriate. The main thrust of Ampush's argument is that Connectus has not presented evidence sufficient to meet the damages element of a breach-of-contract claim. But, "under California law, a defendant's unjust enrichment can satisfy the 'damages' element of a breach of contract, such that disgorgement is a proper remedy." <u>Foster Poultry Farms, Inc. v. SunTrust Bank</u>, 377 Fed. Appx. 665, 669 (9th Cir. 2010) (citing <u>Ajaxo Inc. v. E*Trade Grp., Inc.</u>, 135 Cal. Rptr. 3d 221, 247-49 (Cal. 6th Dist. Ct. App. 2005)). The Court previously found Ampush's arguments unpersuasive and it remains unconvinced that the extraordinary remedy of reconsideration is appropriate.

To the extent Ampush now seeks to argue damages under a theory of unjust enrichment fall under one of the contractually barred categories of damages, the appropriate procedure would be to raise the issue in a Rule 50 motion rather than belatedly arguing the point in a Rule 59(e) motion. Of course, Ampush could have argued the point in its motion for summary judgment, but it elected not to and Rule 50 is now the vehicle by which Ampush may present its argument. Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000) ("Binding precedent in this Circuit . . . expressly permits consideration of a Rule 50 motion after the denial of summary judgment." (citations omitted)).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Ampush's Motion to Renew its Motion to Strike/Exclude the Report, Opinions, and Testimony of Plaintiff's Designated Expert Witness Douglas Kidder (Doc. # 239) is **GRANTED**. The Court considers Ampush's original motion to exclude Kidder's testimony (Doc. # 143). The motion to exclude Kidder's testimony (Doc. # 143) is **DENIED**, except that Kidder may not testify as to the opinions of Brita D. Strandberg.

(2)  Ampush's Motion for Clarification and Reconsideration of

     Discrete Issues from the Court's Order on Ampush's

     Motion for Summary Judgment (Doc. # 240), is **DENIED**.

     **DONE** and **ORDERED** in Chambers in Tampa, Florida, this

16th day of June, 2017.

                                       VIRGINIA M. HERNANDEZ COVINGTON
                                         UNITED STATES DISTRICT JUDGE